**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| F.E.S., a minor, by and through ARISTIDES SEPULVEDA and WANDA CRUZ, as Parents and Natural Guardians,<br><br>    Plaintiffs,<br><br>    v.<br><br>CASEY M. EPPERSON,<br><br>    Defendants. | CIVIL ACTION NO. 3:14-739<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is a Complaint filed by Plaintiffs F.E.S., Aristides Sepulveda, and Wanda Cruz . (Doc. 1.) Because the Complaint fails to establish that this Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

**I. Background**

Plaintiffs bring this action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Compl.*, ¶ 1.) Plaintiff F.E.S. is alleged to be "a minor currently residing at 115 Briarwood Road, East Stroudsburg, PA 18302." (*Id*. at ¶ 2.) Plaintiffs Aristides Sepulveda and Wanda Cruz are also alleged to "resid[e] at 115 Briarwood Road, East Stroudsburg, PA 18302." (*Id*. at ¶ 3.)

Defendant Casey M. Epperson is alleged to be "an adult and competent individual currently residing at 601 Chatas Court, Lake Mary, FL 32746." (*Id*. at ¶ 4.)

**II. Discussion**

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiffs

allege that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(a)(1).  Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).  Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation."  *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."  *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.    Citizenship of Plaintiff**

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)).  To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972).  A person may have only one domicile, and thus may be a citizen of only one state for diversity

jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758 (1914).

To the extent the Complaint alleges that Plaintiffs F.E.S., Aristides Sepulveda, and Wanda Cruz "reside" in East Stroudsburg, Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted).  To properly allege diversity, Plaintiffs must allege their state of citizenship, not merely their state of residence.  As the Complaint does not contain these facts, the Court cannot determine whether subject matter jurisdiction exists.

**B.     Citizenship of Individual Defendant**

The Complaint also fails to adequately allege the citizenship of Defendant Epperson.  As set forth above, a natural person is deemed to be a citizen of the state where he or she is domiciled. *See Swiger*, 540 F.3d at 182.  Here, the Complaint only alleges that Epperson "resid[es]" in Lake Mary, Florida. (*Compl.*, ¶ 4.)  Thus, the Court cannot determine whether there is proper jurisdiction over Defendant.

### III. Conclusion

For the above stated reasons, the Complaint fails to adequately plead the citizenship of Plaintiffs or Defendant.  As Plaintiffs have not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, pursuant to 28 U.S.C. § 1653, Plaintiffs will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving the Complaint. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section

1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."). As such, Plaintiffs will be given twenty-one (21) days in which to file an amended complaint. Failure to do so will result in the dismissal of this action.

An appropriate order follows.


April 22, 2014                                                     /s/ A. Richard Caputo
Date                                                                  A. Richard Caputo
                                                                         United States District Judge